IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SHMIR AL-MIN MUHAMMAD, )
 )
              Petitioner, )
 )
       v. )     1:06CV357
 )     1:03CR386-1
UNITED STATES OF AMERICA, )
 )
              Respondent. )

**RECOMMENDATION AND ORDER
OF MAGISTRATE JUDGE ELIASON**

Petitioner Shmir Al-Min Muhammad, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. A jury convicted petitioner on two counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Docket nos. 1, 32 (criminal case)) Count two was eventually dismissed, and the court sentenced petitioner to 120 months in prison. (Id. docket no. 47) Petitioner appealed, but the Fourth Circuit affirmed the judgment. (Id. docket no. 67) The Supreme Court denied certiorari on November 7, 2005.

After a defective filing, petitioner filed this section 2255 motion. (Docket no. 1)[1] He raises four grounds for relief. Petitioner alleges that his restoration of rights allowed him to possess guns in his home, the police unconstitutionally searched his home, evidence was used against him absent Miranda[2] warnings, and that he received ineffective assistance of counsel because

---

[1] This and further citations to the record will be to the civil case unless otherwise noted.

[2] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

counsel failed to investigate the North Carolina Firearms Act. (Docket no. 1 at 5-9)  The basis for petitioner's prosecution springs from the discovery of weapons at his residence when police responded there to answer a 911 call of an assault on a female.

Respondent has responded to the motion. (Docket no. 4) Petitioner has filed a reply brief. (Docket no. 8)  He has also filed a motion to amend his motion to add a new claim that the district court lacked jurisdiction over the offense. (Docket no. 9)  The matters are now ready for ruling.

## **DISCUSSION**

In his first ground for relief, petitioner contends that he is not guilty of being a felon in possession of a firearm because "his restoration of rights included the right to possess the firearms in question in his (Home)." (Docket no. 1, memo. at 7)  Petitioner's indictment shows that he had been convicted in Iredell County of possession of a firearm by a felon and possession with intent to sell and deliver marijuana in January 2002.  (Docket no. 1 (criminal case))  The government shows that petitioner stipulated during trial that he had been convicted in Iredell County in January 2002 of a crime punishable by a term exceeding one year and that on the date of the alleged offense this conviction had not been expunged, or set aside; "nor had the defendant been pardoned or had his civil rights restored." (Docket no. 4, ex. B; tr. of trial testimony at 75-76)  Accordingly, petitioner may not now argue that his civil rights had been restored. United States v. Reedy, 990 F.2d 167, 169 (4th Cir. 1993).

Moreover, petitioner has not shown that his civil rights had been restored to any degree at the time he committed the federal offense, much less fully restored which would be necessary to affect this prosecution. See Caron v. United States, 524 U.S. 308, 118 S.Ct. 2007, 141 L.Ed.2d 303 (1998) (any state limitation on felons possessing firearms activates full federal ban on their possession). This first ground for relief should therefore be dismissed.

Petitioner's second ground for relief is that the Winston-Salem police conducted an unlawful search of his home and seized evidence as a result. (Docket no. 1 at 6) He claims that he did not give them consent to enter or search his home and that there were no exigent circumstances present. (Id.) On appeal, petitioner argued that the district court had erred in denying his motion to suppress evidence seized from his residence, based on the circumstances of his consent to the search. (Docket no. 4, ex. A) The Fourth Circuit found no error, however. (Id.)

Petitioner may not relitigate the legality of the search and seizure in this collateral proceeding. See Boeckhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976). This ground for relief should be dismissed.

Petitioner's third ground for relief is that evidence was used, apparently from an interrogation of him, without his being given the proper warnings under Miranda v. Arizona. He also challenges the basis for his arrest. (Docket no. 1 at 8)

-3-

Officers testified that they arrested petitioner on March 14, 2003 on an outstanding order for arrest for probation violation. (Tr. of motion to suppress at 15) Petitioner claims that the warrant or order for arrest was never served and that he has not made any court appearance on it which makes his arrest unlawful. (Docket no. 1, memo. at 17) He points to a court order terminating his probation in October 2004 as proof. (Id. ex. H) Despite petitioner's claims, the court records show that an order for arrest was in effect when he was arrested for probation violation and subsequent court records show that it was served on March 14, 2003 which would coincide with the date that petitioner was arrested in this case. (Docket no. 4, exs. C & D) The order terminating his probation has a notation on it that the defendant is serving fifteen plus years. Thus, it appears that after his arrest and sentencing in this case his probation was terminated which is not inconsistent with the above. Petitioner has failed to show that his arrest was unlawful.

Petitioner has failed to identify any statement that was used against him in violation of Miranda. Simply failing to give him Miranda warnings is not a constitutional violation. Thus, this is a conclusory and unsupported claim that does not entitle petitioner to any relief. Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992). Petitioner's third ground for relief should be dismissed.

Petitioner's next claim is that he received ineffective assistance of counsel. (Docket no. 1 at 9) He claims that North Carolina law made it lawful for a felon to possess firearms in his

-4-

home and that this makes it unlawful to charge and convict a person under 18 U.S.C. § 922(g)(1). (Docket no. 3 at 1) His attorneys were allegedly deficient in not making this argument. (Id. at 2) He relies upon United States v. Shoemaker, 2 F.3d 53 (4th Cir. 1993) and other like cases. (Docket no. 3 at 4)

In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. See Nickerson, 971 F.2d at 1136. The petitioner bears the burden of affirmatively showing deficient performance. See Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994).

Unfortunately for petitioner he is relying upon case law that has been overruled by the Supreme Court in making this argument. In Caron v. United States, the Supreme Court cited Shoemaker and expressly rejected its reasoning. 524 U.S. at 310. Petitioner's counsel therefore had no basis for making the argument that petitioner contends they should have made. Petitioner has failed to show any deficient performance or resulting prejudice and has thus failed to establish that he received ineffective assistance of counsel. Strickland, 466 U.S. 668.

Petitioner's refusal to recognize the effect of Caron is largely responsible for his motion to amend his section 2255

-5-

motion. (Docket no. 9) He argues that the federal court lacked jurisdiction because this case began as a state case and state law rather than Caron should apply. (Id. at 2) This, of course, is not correct. Petitioner's trial was in federal court and federal law controls whether or not the case began with state charges. Petitioner's motion to amend will be allowed, but the claim advanced should be dismissed.

**IT IS THEREFORE ORDERED** that petitioner's motion to amend (docket no. 9) be **GRANTED**.

**IT IS THEREFORE RECOMMENDED** that petitioner's motion to vacate, set aside or correct sentence (docket no. 1) be **DENIED** and that Judgment be entered dismissing this action.

/s/ Russell A. Eliason
**United States Magistrate Judge**

August 7, 2006